IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 20-cr-00153-RBJ-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    CARLOS FONG ECHAVARRIA,

    Defendant.

___

**ORDER OF DETENTION**
___

THIS MATTER came before me for a detention hearing on September 3, 2021. The government requested detention in this case. The defendant did not contest detention, and no argument was presented beyond the Pretrial Services Report. I have considered the Pretrial Services report, evidence and the docket in this matter.

In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community. 18 U.S.C. § 3142(b). The former element must be established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

If there is probable cause to believe that the defendant committed an offense proscribed by the Controlled Substances Act which carries with it a penalty of ten years or more, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the

appearance of the person as required and the safety of the community. Title 18 U.S.C. § 3142(e). The defendant has been charged with Knowingly and Intentionally Conspiring to Distribute and to Possession with Intent to Distribute a Mixture and Substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b). This controlled substance offense carries a possible penalty of not more than 20 years' imprisonment, not more than a $1,000,000 fine or both; not less than three years supervised release; not more than life supervised release, and a $100 special assessment fee.

The presumption favoring detention can be rebutted; however, even if rebutted, the congressionally mandated presumption remains a factor to consider in assessing whether there is any condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

>(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
>(2) the weight of the evidence against the person;
>
>(3) the history and characteristics of the person including–
>
>>(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Weighing the factors set out in the Bail Reform Act, I find the rebuttable presumption of the Act has been triggered. I find that the defendant has not presented sufficient evidence to rebut the presumption and therefore the presumption stands unrebutted. In making this finding, I note that defendant has no current employment; defendant has significant ties to Mexico including a parents, wife, and a child; and that he identifies no stable residence in Colorado.

I therefore find by a preponderance of the evidence that defendant is a risk of non-appearance if released on conditions of bond.

IT IS ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

Dated September 3, 2021　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Nina Y. Wang
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge