IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 20-cr-00153-RBJ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

**CARLOS FONG ECHAVARRIA,**

        **Defendant.**

___

**DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE
ONE HUNDRED TWENTY (120) DAYS FROM
THE SPEEDY TRIAL ACT CALCULATION**
___

MR. CARLOS FONG ECHAVARRIA, by and through counsel, Timothy P. O'Hara, Assistant Federal Public Defender, respectfully moves this Court for an Order excluding one hundred twenty (120) days from the speedy trial calculation and vacating the motions deadline (September 24, 2021), Motions Hearing (October 12, 2021), and Jury Trial date (November 8, 2021). The government does not oppose the present Motion.

**I.**    **Procedural Background**

1.    On June 2, 2020, the government filed a five count Indictment against Mr. Echavarria and a co-defendant in the District of Colorado, alleging a conspiracy to manufacture, distribute, and possess with intent to distribute Schedule I and Schedule II Controlled Substances involving importation in violation of 21 U.S.C. §§ 959(a), 960(a)(3), and 960(b)(1)(A) and (b)(3) (Count One), the substantive crime of manufacturing, distributing, and possessing Schedule I and Schedule II Controlled Substances involving importation in violation of 21 U.S.C. §§ 959(a),

960(a)(3), and 960(b)(1)(A) and (b)(3) (Count Two), a conspiracy to distribute and possess with intent to distribute Schedule I and Schedule II controlled substances in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(i) and (C) (Count Three), and two counts of money laundering in violation of 18 U.S.C. §§ 1956(a)(2)(A), (a)(2)(B)(i), and (h) (Counts Four and Five)  *See* Doc. 1.  An Arrest Warrant was issued the same day.  *See* Doc. 4.  In the Indictment, the government alleged that the criminal activity began in November of 2019 and continued until May of 2020.  *See* Doc. 1.

2. On July 8, 2020, the government filed a Superseding Indictment, changing the type of Schedule II controlled substance alleged in Counts One, Two, and Three.  *See* Doc. 5.

3. On or about August 17, 2021, more than a year later, Mr. Echavarria appeared before the Honorable Magistrate Judge S. Kato Crews in the District of Colorado for an Initial Appearance on the present charges.  *See* Doc. 12.  The Court appointed counsel to represent Mr. Echavarria at that time.  *See* Docs. 12 & 13.

3. On August 23, 2021, undersigned counsel filed a Notice of Appearance.  *See* Doc. 19.

4. On September 3, 2021, Mr. Echavarria appeared before the Honorable Magistrate Judge Nina Y. Wang for an Arraignment, Discovery Conference, and Detention Hearing.  *See* Doc. 21.  Undersigned counsel entered a plea of "Not Guilty" on Mr. Echavarria's behalf and the Court executed the Discovery Conference Memorandum.  *See id.*  At that time, undersigned counsel did not contest the detention of Mr. Echavarria, reserving the right to address the issue at a later date.  *See id.*  As a result, Magistrate Judge Wang remanded Mr. Echavarria into the custody of the United States Marshals, subsequently entering a formal Order of Detention.  *See* Docs. 21 & 22.

5. On September 16, 2021, the Honorable United States District Court Judge R. Brooke Jackson entered a Minute Order with the following pertinent dates/deadlines:

a) Pretrial Motions Deadline: September 24, 2021;
b) Motions Hearing Date: October 12, 2021;
c) Three-day Jury Trial Date: November 8, 2021.

*See* Doc. 24.

6. On September 22, 2021, the government provided initial discovery to undersigned counsel, consisting of:

> a) 20,658 written pages of information regarding an international drug trafficking and money laundering investigation occurring over the last two years, including investigative reports, photos, online communications, undercover surveillance photos and reports, bitcoin records, and bank records,
>
> b) 280 pages of search warrant materials,
>
> c) 148 pages of bank records from Union Bank and the Bank of Hope,
>
> d) 72 spreadsheets containing financial information and telephone record information (call logs, message logs, etc.), and
>
> e) hundreds of audio/video files containing an unknown quantity of footage.

The government's discovery index alone is 205 pages.

7. Undersigned counsel has conducted a brief, initial review of the written and audio/video discovery materials tendered by the government.

Speedy Trial Calculation

8. Thirty-seven days have passed since Mr. Echavarria appeared on August 17, 2021, not including August 17th or the date of the present filing. As a result, 33 days remain on

3

the original 70-day period.  The original speedy trial date ("70-day date") is October 26, 2021.

An extension of 120 days would move the 70-day date to approximately February 24, 2022.[1]

Justification for an Extension

9. A summary of the government's alleged evidence[2] is as follows:

Beginning in 2019, in an effort coordinated by the "Denver Digital Currency and Darknet Crimes Working Group,"[3] the government began investigating a network of suspected international money launderers that were coordinating deliveries of cash for conversion to bitcoin throughout the United States.  The government believed that these money launderers were providing services on behalf of criminal organizations including drug cartels.

Between November 2019 and continuing through at least May of 2020, the government conducted an extensive investigation, employing undercover officers and confidential sources to coordinate cash pick-ups at various locations.  As part of the investigation, the government obtained numerous search warrants, tracking warrants, bank records, and social media records.

In May of 2020, the government sought and obtained an Indictment (and accompanying arrest warrant) alleging that Mr. Echavarria committed multiple crimes in connection with the aforementioned investigation.  In August of 2021, Mr. Echavarria was encountered by United States federal agents at the airport in Panama City, Panama.  From there, he was flown to the United States by the federal agents to face the present charges.

10. Based on the discovery materials, the charges, and undersigned counsel's experience in defending criminal cases, undersigned counsel has identified at least four tasks that will be necessary to complete in order to represent Mr. Echavarria effectively.

11. First, additional time is required to review the government's discovery materials and then to review those materials with Mr. Echavarria.  The government's initial discovery

---

[1] An exclusion of 120 days from today's date would go until January 22, 2022.  Thirty-three days after that date would be February 24, 2022.
[2] The factual information presented herein is derived from the police reports tendered by the government in discovery and are by no means admissions by Mr. Echavarria about how the events actually transpired.
[3] This group consists of agents from Homeland Security Investigations (HSI), the Internal Revenue Service – Criminal Investigations (IRS-CI), and the United States Postal Inspection Service (USPIS).

disclosure was substantial and will require literally hundreds of hours of review. That information will have to be summarized and communicated to Mr. Echavarria.

12. Additional evidence pertaining to the present charges likely is outstanding, and once the existing discovery is reviewed in depth, it is likely that discovery requests will need to be made to the government by undersigned counsel.

13. Second, undersigned counsel must investigate the allegations contained in the Indictment as well as all evidence that may be considered relevant conduct. At this time, the exact contours of the investigation are not known. Due to the breadth of the charges and discovery, however, it is anticipated that there will be numerous witnesses to interview in order to determine the strength of the evidence against Mr. Echavarria.

14. Third, undersigned counsel must research potential pre-trial motions. Of note in the present case, undersigned counsel must analyze the legitimacy of the search and tracking warrants as well as the legitimacy of the manner in which Mr. Echavarria was brought to the United States from a foreign country outside of the extradition process.

15. Fourth, undersigned counsel must determine if there is sufficient evidence to prove that Mr. Echavarria is guilty of each of the charged offenses. If Mr. Echavarria is so inclined, undersigned counsel must prepare for a jury trial. Preparation for trial in a case of this magnitude is a massive undertaking, requiring the preparation of legal arguments, examinations, and jury instructions, as well as the coordination of witnesses and exhibits. Preparation for trial during a pandemic is even more time consuming.

16. On the other hand, if Mr. Echavarria is not interested in trial, undersigned counsel must attempt to negotiate a potential disposition with the government, which includes a negotiation of the relevant facts, law, and sentencing guidelines.

17. The present case involves multiple, very serious felony offenses. Three of the five counts (Counts One, Two, and Three) contain mandatory minimum sentences of at least ten years' imprisonment should Mr. Echavarria be convicted. For the other two counts, Mr. Echavarria could be sentenced to a term of imprisonment of up to 20 years.

18. Undersigned counsel contacted counsel for the government about the present motion. She has no objection to an extension as requested herein.

19. Undersigned counsel advised Mr. Echavarria of the requested continuance. He also has no objection.

## II.     Standard for Continuances

20. Title 18 U.S.C. §3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

21. Pertinent factors that apply to an "ends of justice" finding in the present case include:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice;
>
> (ii) whether the case is so unusual or so complex, due to . . . the nature of the prosecution;
>
> . . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

*See* 18 U.S.C. §1361(h)(7)(B)(Westlaw 2021).  *See also*, *United States v. Toombs*, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

22. In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider.  *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987).  According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.  *See id.*  No single factor is determinative.  *See id.*

23. The decision to grant an "ends of justice" continuance is within the sound discretion of the Court, and is reviewed under an abuse of discretion standard.  *See Toombs*, 574 F. 3d at 1262.  "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act."  *United States v. Gonzales*, 137 F. 3d 1431, 1435 (10th Cir. 1998).  The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'"  *Bloate v. United States*, 130 S. Ct. 1345 (2010).

**III.   Argument**

24. This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*.  Accordingly, undersigned counsel requests that this Court continue the trial, vacate current deadlines, and exclude 120 days from the speedy trial calculations.

25. First, the matter is complex as contemplated in 18 U.S.C. §3161(h)(7)(B)(ii). The case involves allegations of an international drug trafficking operation, including the use of bitcoin as a mechanism to launder proceeds. The amount of discovery is significant: the government has already disclosed more than 20,000 pages of written discovery material as well as a significant amount of audio and video files.

26. Second, the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice" and "would deny counsel for the defendant . . . reasonable time necessary for effective preparation." 18 U.S.C. §3161(h)(7)(B)(iv).

27. Undersigned counsel requires, at a minimum,[4] 120 days to review the discovery materials, begin the necessary pre-trial investigation, begin the research of the aforementioned legal issues, and prepare appropriate pre-trial motions, as well as prepare for trial or negotiate a favorable disposition with the government on Mr. Echavarria's behalf.

28. Neither Mr. Echavarria nor the government object to the requested continuance.

29. The failure to grant the requested continuance in the present case would result in a miscarriage of justice and would also deny undersigned counsel the reasonable time necessary for effective preparation pursuant to 18 U.S.C. §3161(h)(7)(B)(i) and (iv).

30. Finally, a continuance for 120 days would not offend the standard set forth by the Tenth Circuit in the *West* decision.

31. Undersigned counsel has, and will continue to, diligently pursue the

---

[4] It is anticipated that additional time will need to be requested beyond that time requested herein. Since undersigned counsel is not sure how much time will be necessary because discovery review and investigation are only beginning, more details will be provided as part of an expected second request for additional time.

defense of this case.  However, the nature and facts of the case are such that no amount of diligent work can insure effective assistance of counsel prior to the motions deadline nor prior to the trial date as contemplated by the current speedy trial time-frame.  Undersigned counsel has represented Mr. Echavarria for approximately 30 days – more time is appropriate to ensure that he receives effective representation in a case of this magnitude.

32.     Undersigned counsel believes that the requested extension would serve the requested purpose and allow for the completion of discovery as well as the necessary preparation for motions and trial.

33.     The present request is undersigned counsel's first request for additional time under the Speedy Trial Act.

WHEREFORE, undersigned counsel respectfully requests that this Court issue an Order excluding 120 days from the speedy trial time limitations, vacating the current deadlines and the current trial date, and setting a new trial date in February of 2022.  Rather than setting a hearing date for motions, especially since additional time will likely be requested, undersigned counsel requests that the Court set a Status Hearing for undersigned counsel in approximately 90 days.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ *Timothy P. O'Hara*
TIMOTHY P. O'HARA
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Timothy_OHara@fd.org
Attorney for Defendant

9

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2021, I electronically filed the foregoing

**DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE
ONE HUNDRED TWENTY (120) DAYS FROM
THE SPEEDY TRIAL ACT CALCULATION**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

    Andrea Surratt
    Assistant United States Attorney
    Email: Andrea.Surratt@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Mr. Carlos Fong Echavarria (U.S. Mail)

    s/ *Timothy P. O'Hara*
    TIMOTHY P. O'HARA
    Assistant Federal Public Defender
    633 Seventeenth Street, Suite 1000
    Denver, Colorado  80202
    Telephone:  (303) 294-7002
    FAX:  (303) 294-1192
    Timothy_OHara@fd.org
    Attorney for Defendant