IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 20-cr-00153-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.     **CARLOS FONG ECHAVARRIA,**

    **Defendant.**

___

**DEFENDANT'S SECOND UNOPPOSED MOTION TO EXCLUDE
ONE HUNDRED TWENTY (120) DAYS FROM
THE SPEEDY TRIAL ACT CALCULATION**
___

MR. CARLOS FONG ECHAVARRIA, by and through counsel, Timothy P. O'Hara, Assistant Federal Public Defender, respectfully moves this Court for an Order excluding an additional one hundred twenty (120) days from the speedy trial calculation and vacating the motions deadline (January 24, 2022) and Jury Trial date (March 7, 2022). The government does not oppose the present Motion.

**I.**     **Procedural Background**

1-5.     Undersigned counsel outlined the procedural history of the case in the "Defendant's Unopposed Motion to Exclude One Hundred Twenty (120) Days from the Speedy Trial Act Calculation." *See* Doc. 25 at ¶¶1-5. Undersigned counsel incorporates that information here.

6.     As outlined in the previous Unopposed Motion, on September 22, 2021, the government made its initial discovery disclosure of:

> a) 20,658 written pages of information regarding an international drug trafficking and money laundering investigation occurring over the last two years, including investigative reports, photos, online communications, undercover surveillance photos and reports, bitcoin records, and bank records,
>
> b) 280 pages of search warrant materials,
>
> c) 148 pages of bank records from Union Bank and the Bank of Hope,
>
> d) 72 spreadsheets containing financial information and telephone record information (call logs, message logs, etc.), and
>
> e) hundreds of audio/video files containing an unknown quantity of footage.

The government's discovery index alone was 205 pages.

7. On September 24, 2021, undersigned counsel filed "Defendant's Unopposed Motion to Exclude One Hundred Twenty (120) Days from the Speedy Trial Act Calculation." *See* Doc. 25.

8. On September 28, 2021, this Court granted Mr. Echavarria's Unopposed Motion. *See* Doc. 26. As part of its ruling, the Court excluded time toward the Speedy Trial Act deadline through March 11, 2022. *See id.*

9. On November 10, 2021, the government disclosed an additional 2,700 pages of discovery material, including requests by the government to access various Facebook and Instagram accounts; information from numerous cryptocurrency accounts, Homeland Security Investigations (HSI) reports, Drug Enforcement Agency (DEA) reports, as well as information obtained from various Facebook accounts.

10. Since the filing of Mr. Echavarria's Unopposed Motion, undersigned counsel has been reviewing the discovery materials disclosed by the government. The review is progressing, but a large majority of the materials still need to be reviewed.

11. Undersigned counsel also has remained in regular contact with Mr. Echavarria to ensure that he is informed about the status of his case.

Speedy Trial Calculation

12. Thirty-seven days passed between when Mr. Echavarria appeared on August 17, 2021, and September 24, 2021, the date of filing of the "Defendant's Unopposed Motion to Exclude One Hundred Twenty (120) Days from the Speedy Trial Act Calculation" [Doc. 25]. As a result, 33 days remained on the original 70-day period at the time of the filing of the prior motion. In its Minute Order, the Court excluded time through March 11, 2022. *See* Doc. 25. An extension of 120 additional days would move the 70-day date to approximately July 9, 2022.[1]

Justification for an Extension

13. Undersigned counsel included a summary of the government's alleged evidence[2] in the prior Unopposed Motion. In summary, in 2019 the government began its investigation using the "Denver Digital Currency and Darknet Crimes Working Group."[3] This investigation continued through at least May of 2020 and culminated in the filing of the present Indictment. As part of the investigation, the government obtained numerous search warrants, tracking warrants, bank records, and social media records. In its Indictment (and accompanying arrest warrant), the government has alleged that Mr. Echavarria participated in multiple narcotics trafficking and money laundering crimes in connection with the aforementioned investigation.

---

[1] An exclusion of 120 days from today's date would extend the deadline until July 9, 2022. If the Court intended that thirty-three days would remain after the 120-day exclusion, then the new deadline would be August 11, 2022.
[2] The factual information presented herein is derived from the police reports tendered by the government in discovery and are by no means admissions by Mr. Echavarria about how the events actually transpired.
[3] This group consists of agents from Homeland Security Investigations (HSI), the Internal Revenue Service – Criminal Investigations (IRS-CI), and the United States Postal Inspection Service (USPIS).

14. Undersigned counsel has reviewed thousands of pages of discovery material already, but additional review of the materials is necessary. The scope of the government's investigation was significant. The online discussions between undercover agents and the alleged defendants in and of itself were very extensive, spanning months, with nearly daily contact during certain periods.

15. Based on the discovery materials, the charges, and undersigned counsel's experience in defending criminal cases, undersigned counsel has determined that at least four tasks must be completed in order for Mr. Echavarria to receive effective representation.

16. First, additional time is required to review the government's discovery materials and then to review those materials with Mr. Echavarria. The government's discovery disclosure has been substantial and will require literally a hundred or more hours of review. That information will have to be summarized and communicated to Mr. Echavarria. Based on the type of prosecution, an international drug trafficking and money laundering conspiracy spanning at least two years, as well as the amount and type of information involved, the case should be considered complex. *See United States v. Toombs*, 574 F.3d 1262, 1268-69 (10th Cir. 2009) (citing 18 U.S.C. § 3161(h)(7)(B)(ii)).

17. Additional evidence pertaining to the present charges likely remains outstanding, and only once the existing discovery is reviewed in depth, can additional discovery requests be made to the government by undersigned counsel.

18. Second, undersigned counsel must continue to investigate the allegations contained in the Indictment as well as all evidence involving other individuals/suspects that may be considered relevant conduct in the present case. The government's case is based on extensive conversations between undercover agents and individuals believed to be the defendants that

occurred using various internet-based communication platforms. Some of the pertinent communications occurred in Spanish. Because numerous people are alleged to have been involved, undersigned counsel must conduct an analysis of whether a role reduction would be appropriate in the present case.

19. Third, undersigned counsel must continue to research potential pre-trial motions. Of note in the present case, undersigned counsel must analyze the legitimacy of the search and tracking warrants as well as the legitimacy of the manner in which Mr. Echavarria was brought to the United States from a foreign country outside of the extradition process.

20. Fourth, undersigned counsel must determine if there is sufficient evidence to prove that Mr. Echavarria is guilty of each of the charged offenses. If Mr. Echavarria is so inclined, undersigned counsel must prepare for a jury trial. Preparation for trial in a case of this magnitude would be a massive undertaking, requiring the preparation of legal arguments, examinations, and jury instructions, as well as the coordination of witnesses and exhibits. Preparation for trial during a pandemic is even more time consuming.

21. On the other hand, if Mr. Echavarria is not interested in trial, undersigned counsel must negotiate a potential disposition with the government, which includes a negotiation of the relevant facts, law, and sentencing guidelines.

22. The present case involves multiple, very serious felony offenses. Three of the five counts (Counts One, Two, and Three) contain mandatory minimum sentences of at least ten years' imprisonment should Mr. Echavarria be convicted. For the other two counts, Mr. Echavarria could be sentenced to a term of imprisonment of up to 20 years.

23. Undersigned counsel contacted counsel for the government about the present motion. She has no objection to an extension as requested herein.

24. Undersigned counsel advised Mr. Echavarria of the requested continuance. He also has no objection.

## II. Standard for Continuances

25. Title 18 U.S.C. §3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

26. Pertinent factors that apply to an "ends of justice" finding in the present case include:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice;
>
> (ii) whether the case is so unusual or so complex, due to . . . the nature of the prosecution;
>
> . . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

See 18 U.S.C. §3161(h)(7)(B)(Westlaw 2021). See also Toombs, 574 F. 3d at 1268-69.

27. In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider. See United States v. West, 828 F.2d 1468, 1470 (10th Cir. 1987). According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the

opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. *See id.* No single factor is determinative. *See id.*

28. The decision to grant an "ends of justice" continuance is within the sound discretion of the Court and is reviewed under an abuse of discretion standard. *See Toombs*, 574 F. 3d at 1262. "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F. 3d 1431, 1435 (10th Cir. 1998). The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 130 S. Ct. 1345 (2010).

### III. Argument

29. This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*. Accordingly, undersigned counsel requests that this Court continue the trial, vacate current deadlines, and exclude an additional 120 days from the speedy trial calculations.

30. First, the matter is complex as contemplated in 18 U.S.C. §3161(h)(7)(B)(ii).[4] The case involves allegations of an international drug trafficking operation, including the use of bitcoin as a mechanism to launder proceeds. The amount of discovery is significant: the government has already disclosed more than 23,000 pages of written discovery material as well as a significant amount of audio and video files.

31. Second, the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would . . . result

---

[4] The government agrees that the case is complex.

7

in a miscarriage of justice" and "would deny counsel for the defendant . . . reasonable time necessary for effective preparation." 18 U.S.C. §3161(h)(7)(B)(iv).

32. Undersigned counsel requires an additional 120 days to review the discovery materials, continue the necessary pre-trial investigation, begin the research of the aforementioned legal issues, and prepare appropriate pre-trial motions, as well as prepare for trial or negotiate a favorable disposition with the government on Mr. Echavarria's behalf.

33. Neither Mr. Echavarria nor the government object to the requested continuance.

34. The failure to grant the requested continuance in the present case would result in a miscarriage of justice and would also deny undersigned counsel the reasonable time necessary for effective preparation pursuant to 18 U.S.C. §3161(h)(7)(B)(i) and (iv).

35. Finally, a continuance for an additional 120 days would not offend the standard set forth by the Tenth Circuit in the *West* decision.

36. Undersigned counsel has, and will continue to, diligently pursue the defense of this case. However, the nature and facts of the case are such that no amount of diligent work can insure effective assistance of counsel prior to the motions deadline nor prior to the trial date as contemplated by the current speedy trial time-frame. More time is appropriate to ensure that he receives effective representation in a case of this magnitude.

37. Undersigned counsel believes that the requested extension would serve the requested purpose and allow for the completion of discovery as well as the necessary preparation for motions and trial.

38. The present request is undersigned counsel's second request for additional time under the Speedy Trial Act.

WHEREFORE, undersigned counsel respectfully requests that this Court issue an Order excluding an additional 120 days from the speedy trial time limitations, vacating the current deadlines and the current trial date, and setting a new trial date in July of 2022. Rather than setting a hearing date for motions, undersigned counsel requests that the Court allow the parties to contact chambers to set a Motions Hearing date after the Motions Deadline should one be necessary.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ *Timothy P. O'Hara*
TIMOTHY P. O'HARA
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Timothy_OHara@fd.org
Attorney for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2022, I electronically filed the foregoing

**DEFENDANT'S SECOND UNOPPOSED MOTION TO EXCLUDE
ONE HUNDRED TWENTY (120) DAYS FROM
THE SPEEDY TRIAL ACT CALCULATION**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

    Andrea Surratt
    Assistant United States Attorney
    Email: Andrea.Surratt@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Mr. Carlos Fong Echavarria (U.S. Mail)

                  s/ *Timothy P. O'Hara*
                  TIMOTHY P. O'HARA
                  Assistant Federal Public Defender
                  633 Seventeenth Street, Suite 1000
                  Denver, Colorado 80202
                  Telephone: (303) 294-7002
                  FAX: (303) 294-1192
                  Timothy_OHara@fd.org
                  Attorney for Defendant