IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 20-cr-00153-RBJ-2

UNITED STATES OF AMERICA,

  Plaintiff,

v.

2.  CARLOS FONG ECHAVARRIA,

  Defendant.

---

### DEFENDANT'S THIRD UNOPPOSED MOTION TO EXCLUDE SIXTY (60) DAYS FROM THE SPEEDY TRIAL ACT CALCULATION

---

MR. CARLOS FONG ECHAVARRIA, by and through counsel, Timothy P. O'Hara, Assistant Federal Public Defender, respectfully moves this Court for an Order excluding an additional sixty (60) days from the speedy trial calculation and vacating the motions deadline (April 29, 2022)[1] and Status Conference (May 11, 2022). Undersigned counsel requests that the Court set the motions deadline in mid-July and a Status Hearing in early August 2022. The government does not oppose the present Motion.

**I. Procedural Background**

  1-5. Undersigned counsel originally outlined the procedural history of the case in the "Defendant's Unopposed Motion to Exclude One Hundred Twenty (120) Days from the Speedy

---

[1] The pretrial motion deadline originally was set for April 25, 2022. *See* Doc. 30. The Court granted undersigned counsel's request to move the deadline until April 29, 2022. *See* Doc. 32.

Trial Act Calculation." *See* Doc. 25 at ¶¶1-5. Undersigned counsel incorporates that information here.

6-11. Undersigned counsel updated the Court about the progress of the case in "Defendant's Second Unopposed Motion to Exclude One Hundred Twenty (120) Days from the Speedy Trial Act Calculation." *See* Doc. 28. Undersigned counsel incorporates that information here as well.

12. As outlined in the original Motion to Exclude Time, the government's initial discovery disclosure was massive:

> a) 20,658 written pages of information regarding an international drug trafficking and money laundering investigation occurring over the last two years, including investigative reports, photos, online communications, undercover surveillance photos and reports, bitcoin records, and bank records,
>
> b) 280 pages of search warrant materials,
>
> c) 148 pages of bank records from Union Bank and the Bank of Hope,
>
> d) 72 spreadsheets containing financial information and telephone record information (call logs, message logs, etc.), and
>
> e) hundreds of audio/video files containing an unknown quantity of footage.

The government's discovery index alone was 205 pages.

13. Since the filing of Mr. Echavarria's Second Unopposed Motion, undersigned counsel has been continuing to review the discovery materials disclosed by the government. The review is progressing, but some of the materials still need to be reviewed.

14. Undersigned counsel also has remained in regular contact with Mr. Echavarria to ensure that he is informed about the status of his case.

15. The parties have begun plea negotiations and undersigned counsel has requested that the government provide a plea agreement to Mr. Echavarria.

Speedy Trial Calculation

16. Thirty-seven days passed between when Mr. Echavarria initially appeared on August 17, 2021, and September 24, 2021, the date of filing of the "Defendant's Unopposed Motion to Exclude One Hundred Twenty (120) Days from the Speedy Trial Act Calculation" [Doc. 25]. As a result, 33 days remained on the original 70-day period at the time of the filing of the prior motion. In its Minute Order on September 28, the Court excluded time through March 11, 2022. *See* Doc. 26. Then on January 25, 2022, the Court excluded an additional 120 days from the Speedy Trial Act Calculation, or until July 11, 2022. *See* Doc. 29. An extension of 60 additional days would move the 70-day date to approximately October 14, 2022.[2]

Justification for an Extension

17. The scope of the present case is expansive. In 2019 the government began its investigation using the "Denver Digital Currency and Darknet Crimes Working Group."[3] This investigation continued through at least May of 2020 and culminated in the filing of the present Indictment. As part of the investigation, the government obtained numerous search warrants, tracking warrants, bank records, and social media records. In the Indictment (and accompanying arrest warrant), the government has alleged that Mr. Echavarria participated in multiple narcotics trafficking and money laundering crimes in connection with the aforementioned investigation. *See* Doc. 1.

---

[2] The Court has already excluded time until July 11, 2022. An additional 60 days would extend the deadline until September 11, 2022. Thirty-three days would remain after the 120-day exclusion after that, which would leave a new deadline of October 14, 2022.

[3] This group consists of agents from Homeland Security Investigations (HSI), the Internal Revenue Service – Criminal Investigations (IRS-CI), and the United States Postal Inspection Service (USPIS).

18. Based on the ongoing review of the discovery materials, the charges, and undersigned counsel's experience in defending criminal cases, undersigned counsel has determined that at least four tasks remain outstanding and must be completed in order for Mr. Echavarria to receive effective representation.

19. First, additional time is required to review the government's discovery materials and then to review those materials with Mr. Echavarria. The government's discovery disclosure has been substantial and will require at least a hundred hours of review. That information is being summarized and organized so that it can be easily communicated to Mr. Echavarria. Based on the type of prosecution, an international drug trafficking and money laundering conspiracy spanning at least two years, as well as the amount and type of information involved, the case should be considered complex. *See United States v. Toombs*, 574 F.3d 1262, 1268-69 (10th Cir. 2009) (citing 18 U.S.C. § 3161(h)(7)(B)(ii)).

20. Second, undersigned counsel must continue to investigate the allegations contained in the Indictment as well as all evidence involving other individuals/suspects that may be considered relevant conduct in the present case. The government's case is based on extensive conversations between undercover agents and individuals believed to be the defendants that occurred using various internet-based communication platforms. Some of the pertinent communications occurred in Spanish. Because numerous people are alleged to have been involved, undersigned counsel must conduct an analysis of whether a role reduction would be appropriate in the present case.

21. Third, undersigned counsel must continue to research potential pre-trial motions. Of note in the present case, undersigned counsel must analyze the legitimacy of the search and

tracking warrants as well as the legitimacy of the manner in which Mr. Echavarria was brought to the United States from a foreign country outside of the extradition process.

22. Fourth, undersigned counsel must determine if there is sufficient evidence to prove that Mr. Echavarria is guilty of each of the charged offenses. If Mr. Echavarria is so inclined, undersigned counsel must prepare for a jury trial. Preparation for trial in a case of this magnitude would be a massive undertaking, requiring the preparation of legal arguments, examinations, and jury instructions, as well as the coordination of witnesses and exhibits. Preparation for trial during a pandemic is even more time consuming.

23. On the other hand, if Mr. Echavarria is not interested in trial, undersigned counsel must negotiate a potential disposition with the government, which includes a negotiation of the relevant facts, law, and sentencing guidelines. To that end, undersigned counsel has requested a plea agreement from the government. Once received, undersigned counsel plans to have the agreement translated into Spanish and then sent to Mr. Echavarria. The negotiation process will take time.

24. The present case involves multiple, very serious felony offenses. Three of the five counts (Counts One, Two, and Three) contain mandatory minimum sentences of at least ten years' imprisonment should Mr. Echavarria be convicted. For the other two counts, Mr. Echavarria could be sentenced to a term of imprisonment of up to 20 years.

25. Additionally, undersigned counsel prepared for and tried a jury trial before the Honorable Robert E. Blackburn from March 7-9, 2022. *See United States v. Crews* (19-cr-00222-REB). Undersigned counsel is preparing for another jury trial set to begin on May 9, 2022. *See United States v. Garcia* (21-cr-00143-RM). These cases have consumed a large amount of undersigned counsel's time over the last several months.

26. Undersigned counsel contacted counsel for the government about the present motion. She has no objection to an extension as requested herein. The co-defendant remains at large.

27. Undersigned counsel used the time allotted in the extension since April 25, 2022, to visit and speak with Mr. Echavarria. He was advised of the requested continuance and he also has no objection.

## II.     Standard for Continuances

28. Title 18 U.S.C. §3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

29. Pertinent factors that apply to an "ends of justice" finding in the present case include:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice;
>
> (ii) whether the case is so unusual or so complex, due to . . . the nature of the prosecution;
>
> . . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

*See* 18 U.S.C. §3161(h)(7)(B)(Westlaw 2021). *See also Toombs*, 574 F. 3d at 1268-69.

30. In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider. *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. *See id.* No single factor is determinative. *See id.*

31. The decision to grant an "ends of justice" continuance is within the sound discretion of the Court and is reviewed under an abuse of discretion standard. *See Toombs*, 574 F. 3d at 1262. "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F. 3d 1431, 1435 (10th Cir. 1998). The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 130 S. Ct. 1345 (2010).

32. The Tenth Circuit has held that time used by the parties to engage in plea negotiations, while not explicitly excluded under the Speedy Trial Act, "may be excluded if the district court determines that 'the ends of justice served by [granting a continuance and excluding the time from calculation] outweigh the best interest of the public and the defendant in a speedy trial." *United States v. Cano-Silva*, 402 F.3d 1031, 1034 (10th Cir. 2005) (citing 18 U.S.C. § 3161(h)(8)(A)). The Tenth Circuit is in the majority in holding that plea discussions may be a valid basis to exclude time under the Speedy Trial Act. *See also United States v. Montoya*, 827

F.2d 143, 150 (7th Cir. 1987) (finding that the list contained in 18 U.S.C. § 3161 is inclusive, not exclusive, and excluding plea negotiations from Speedy Trial Act calculations as part of the trial process under subsection (h)(1)(B)); *United States v. Bowers*, 834 F.2d 607, 610 (6th Cir. 1987) (per curiam) (citation omitted) (finding that plea bargaining is contemplated by the phrase "other proceedings concerning the defendant" under subsection (h)(1)); *United States v. Van Someran*, 118 F. 3d 1214, 1218-19 (8th Cir. 1997) (time spent negotiating a plea bargain is excludable as "proceedings involving the defendant" under subsection (h)(1)).

### III. Argument

33. This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*. Accordingly, undersigned counsel requests that this Court continue the trial, vacate current deadlines, and exclude an additional 60 days from the speedy trial calculations.

34. First, the matter is complex as contemplated in 18 U.S.C. §3161(h)(7)(B)(ii).[4] The case involves allegations of an international drug trafficking operation, including the use of bitcoin as a mechanism to launder proceeds. The amount of discovery is significant: the government has already disclosed more than 23,000 pages of written discovery material as well as a significant amount of audio and video files.

35. Second, the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice" and "would deny counsel for the defendant . . . reasonable time necessary for effective preparation." 18 U.S.C. §3161(h)(7)(B)(iv).

36. Undersigned counsel requires an additional 60 days to: continue reviewing the discovery materials, continue the necessary pre-trial investigation, continue the research of the

---

[4] The government agrees that the case is complex.

aforementioned legal issues, and prepare appropriate pre-trial motions, as well as negotiate a favorable disposition with the government on Mr. Echavarria's behalf.

37. Neither Mr. Echavarria nor the government object to the requested continuance. The co-defendant remains at large and will not be prejudiced by the continuance.

38. The failure to grant the requested continuance in the present case would result in a miscarriage of justice and would also deny undersigned counsel the reasonable time necessary for effective preparation pursuant to 18 U.S.C. §3161(h)(7)(B)(i) and (iv).

39. Finally, a continuance for an additional 60 days would not offend the standard set forth by the Tenth Circuit in the *West* decision.

40. Undersigned counsel has, and will continue to, diligently pursue the defense of this case. However, the nature and facts of the case are such that no amount of diligent work can insure effective assistance of counsel prior to the motions deadline nor prior to the trial date as contemplated by the current speedy trial time-frame. More time is appropriate to ensure that he receives effective representation in a case of this magnitude.

41. Undersigned counsel believes that the requested extension would serve the requested purpose and allow for the completion of discovery as well as the necessary preparation for motions and trial.

43. The present request is undersigned counsel's third request for additional time under the Speedy Trial Act.

WHEREFORE, undersigned counsel respectfully requests that this Court issue an Order excluding an additional 60 days from the speedy trial time limitations, vacating the current deadlines and the current trial date, and setting a motions deadline in mid-July 2022 with a status date in early August 2022.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ *Timothy P. O'Hara*
TIMOTHY P. O'HARA
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Timothy_OHara@fd.org
Attorney for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2022, I electronically filed the foregoing

**DEFENDANT'S THIRD UNOPPOSED MOTION TO EXCLUDE
SIXTY (60) DAYS FROM
THE SPEEDY TRIAL ACT CALCULATION**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

    Andrea Surratt
    Assistant United States Attorney
    Email: Andrea.Surratt@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Mr. Carlos Fong Echavarria (U.S. Mail)

                                          s/ *Timothy P. O'Hara*
                                          TIMOTHY P. O'HARA
                                          Assistant Federal Public Defender
                                          633 Seventeenth Street, Suite 1000
                                          Denver, Colorado 80202
                                          Telephone: (303) 294-7002
                                          FAX: (303) 294-1192
                                          Timothy_OHara@fd.org
                                          Attorney for Defendant