EN EL TRIBUNAL FEDERAL DE PRIMERA INSTANCIA
DEL DISTRITO DE COLORADO

Nro. de Causa Penal 20-cr-153-RBJ

LA FISCALÍA FEDERAL DE EEUU,

    Parte Acusatoria,

contra

2.    CARLOS FONG ECHAVARRIA,

    El imputado.

## CONVENIO RESOLUTORIO

Por medio de la presente, La Fiscalía Federal de EEUU (La Fiscalía Federal) a través de la Subfiscal Federal del Distrito de Colorado Andrea Surratt y el imputado CARLOS FONG ECHAVARRIA, personalmente y por medio de su Abogado Defensor Timothy O'Hara, presentamos el siguiente Convenio Resolutorio conforme a lo dispuesto en el Código de Reglamentos Penales del Distrito de Colorado en la Norma 11.1. Este convenio es únicamente ejecutorio para la División de lo Penal de la Fiscalía Federal de Estados Unidos del Distrito de Colorado y el imputado.

### I.   CONVENIO

**A.**    **Declaración de culpable del imputado:**

El imputado acepta:

(1) declararse culpable a los puntos acusatorios tres y cuatro de la Acusación Formal del Jurado Indagatorio que le acusa de quebrantar los artículos 846 del Capítulo 21 del Código Federal y el artículo 1956(h) del Capítulo 18 del Código Federal

(2) renunciar a ciertos derechos de apelación e impugnación indirecta como se detallan a continuación y

(3) acepta no disputar el decomiso como se describe más pormenorizadamente a continuación.

**COURT EXHIBIT 1A**

1

**B.     Obligaciones de la Fiscalía Federal:**

Este convenio se lleva a cabo conforme a la norma 11(c)(1)(A) del Código Federal de Procedimientos Penales. La Fiscalía acepta solicitar que se desestimen de manera definitiva los cargos 1, 2 y 5 de la Acusación Formal. Si se anulara la declaración de culpable por pedimento del imputado, La Fiscalía podrá, a su sola discreción, solicitar que se reinstauren todos y cada uno de los puntos acusatorios desechados conforme a este convenio resolutorio y posiblemente radicaría una Acusación Formal Supletoria.

Siempre y cuando el imputado no se dedique una conducta prohibida o de lo contrario se implique en lo que indican los Arts. 3C1.1 y 3E1.1 del Manual de Pautas de Sentencias, cmt. n.4, entre la declaración de culpable y la imposición de la pena en esta causa, la Fiscalía acepta que el imputado debiera recibir una reducción de dos niveles por aceptar la responsabilidad penal, conforme al artículo 3E1.1(a) del Manual de Pautas de Sentencias y acepta radicar un pedimento solicitando que el imputado reciba una reducción de un nivel por aceptar la responsabilidad penal conforme al artículo 3E1.1(b) del Manual de Pautas de Sentencias.

**C. Renuncia del Imputado a la Apelación:**

El imputado está consciente que el artículo 3742 del Capítulo 18 del Código Federal le otorga el derecho de apelar la condena, incluido el modo en el cual ésta se determinó. Habiendo entendido esto, a cambio de las concesiones de la Fiscalía Federal en este convenio, el imputado a sabiendas y voluntariamente renuncia al derecho de apelar cualquier tema con relación a este proceso judicial, condena o pena (incluido la orden de reparación del daño), a menos que se cumpla alguno uno de los siguientes requisitos:

1) la pena excede de la máxima dispuesta en la ley de imposición de penas que disponen los arts. 846 del Capítulo 21 del Código Penal Federal y 1956(h) del Capítulo 18 del Código Federal,

2) la pena excede el punto máximo de la escala penal recomendada de las pautas de sentencias aplicables para la categoría antecedentes penales del imputado (como lo determine el Juez ejecutor) con un nivel total de delito de 32, o

3) la Fiscalía Federal apela la pena impuesta.

Si aplicara el primer requisito, el imputado podrá apelar únicamente sobre la cuestión de cómo la condena impuesta excede la máxima que permita la ley. Pero si aplicara alguno de los últimos dos requisitos, el imputado podrá apelar por cualquier justificante que esté disponible como corresponda en un proceso de apelación después de una declaración de culpable.

El acusado a sabiendas y voluntariamente renuncia además al derecho de impugnar indirectamente este proceso judicial, la condena o la pena (incluido la orden de reparación del daño) en alguna impugnación indirecta (incluido, pero no limitado a todo pedimento presentado según el artículo 2255 del Capítulo 28 del Código Federal). Este precepto de renuncia no le impide al imputado solicitar algún recurso que pueda tener disponible en una impugnación indirecta por alguna de los siguientes justificantes:

1) el imputado debería recibir el beneficio de un cambio explícitamente retroactivo en las escalas penales o en las leyes de imposición de penas,

2) al imputado se le privó de asistencia letrada eficaz, o

3) el imputado resultó perjudicado debido a una conducta indebida por parte de la Fiscalía Federal.

El imputado renuncia además al derecho de apelar toda condena impuesta por debajo o dentro de la escala penal una vez se le revoque la libertad vigilada en este número de causa, excepto donde el imputado objete sin éxito al grado de violación aplicado por el Juez durante las diligencias de revocatoria a nivel de Distrito. En ese caso, esta renuncia no aplica y el imputado podrá apelar la condena impuesta una vez se le revoque la libertad vigilada en caso de que dicha condena caiga por debajo o dentro de la escala penal calculada por el Juez.

El imputado renuncia además al derecho de apelar la negación de todo pedimento radicado según el artículo 3582(c)(1)(A) del capítulo 18 del código Penal Federal. Donde

3

dicha denegación caiga en parte a discreción del Juez de que no se justifica una reducción de la condena según los factores establecidos en el artículo 3553(a) del capítulo 18 del código Penal Federal. Esta renuncia no aplica a una apelación de un pedimento denegado según el artículo 3582(c)(1)(A) del capítulo 18 del código Penal Federal donde el Juez de Distrito, al denegar el pedimento según las causales del artículo 3553(a), no haya tenido en cuenta hechos que presuntamente demuestran que existen circunstancias extraordinarias y convincentes como parte de su análisis del artículo 3553(a).

**D. Decomiso de bienes**

El imputado acepta reconocer la pretensión de decomiso. El imputado acepta además entregarle a Estados Unidos inmediatamente y de manera voluntaria todos y cada uno de los bienes y propiedades o proporciones de los mismos sujetos al decomiso conforme al artículo 2461(c) del Capítulo 28 del Código Federal y al Artículo 853 del Capítulo 21 del Código Federal, ya sea que estén en posesión o control de la Fiscalía o en posesión o control del imputado o de los nominados del imputado o en algún otro lugar. El imputado acepta y consciente al decomiso conforme a toda acción de decomiso federal, penal, civil y/o administrativo. El imputado entiende que conforme al artículo 983 del capítulo 18 del código Penal Federal, la agencia que efectúe el decomiso tiene la obligación de enviar notificaciones sobre asuntos de decomiso civil no judiciales. Habiendo sido informado de dichos derechos con respecto a la notificación, el imputado por medio de la presente de manera voluntaria y a sabiendas renuncia a sus derechos de que se le envíe notificación dentro de los períodos de tiempo establecidos según el artículo 983 del Capítulo 18 del Código Federal, a que se le devuelvan dichos bienes si la notificación no se le envió en los períodos de tiempo prescritos. El imputado acepta además al decomiso de todos los bienes sustitutivos hasta obtener el valor de todos bienes descritos con anterioridad conforme al artículo 853(p) del capítulo 21 del código Penal Federal y a la Norma Federal de Procedimientos Penales 32.2(e).

4

El decomiso de los bienes del imputado no deberá tratarse como que satisfizo toda multa, la reparación del daño, los costos de encarcelamiento o cualquier otra sanción que el Juez pueda imponerle al imputado además del decomiso.

## II.   ELEMENTOS DE LOS ILÍCITOS

Las partes acuerdan que los elementos de los puntos acusatorios tres y cuatro son los siguientes:

### Tercer Punto Acusatorio: Art. 846, Cap. 21, Código Federal

1. dos o más personas acordaron quebrantar las leyes federales respecto a las drogas aquí para distribuir y poseer sustancias reguladas con la intención de distribuirlas,

2. el imputado tenía conocimiento del objetivo esencial de la conspiración y se implicó en la misma a sabiendas y voluntariamente,

3. las sustancias reguladas objeto de la conspiración fueron mínimo 1 kg o más de una mezcla y sustancia que contenía heroína, una mezcla y sustancia que contenía Fentanilo y

4. existía una dependencia mutua entre los miembros de la conspiración.

### Cuarto Punto Acusatorio: Art. 1956(h), Cap. 18 y, Código Federal

1. Dos o más personas acordaron quebrantar las leyes de blanqueo de capitales, específicamente:

    a. El transporte, la transmisión o transferencia de fondos o instrumentos monetarios,
    b. desde un lugar dentro de Estados Unidos hacia un lugar fuera Estados Unidos o a través de este o a un lugar en Estados Unidos a través de un lugar fuera Estados Unidos y desde el mismo,
        i. con la intención de promover la realización de una actividad ilícita específica (narcotráfico) o
        ii. sabiendo que el instrumento o los fondos representaban las ganancias de alguna forma de actividad ilícita y sabiendo que el transporte está diseñado en parte o en su totalidad para ocultar o esconder la naturaleza, el lugar, la fuente, la propiedad o el control de las ganancias de las actividades ilícitas especificadas (narcotráfico),

2. el imputado tenía conocimiento del objetivo esencial de la conspiración y se involucró en el mismo a sabiendas y voluntariamente y

3. existía una dependencia mutua entre los miembros de la conspiración.

5

### III.  PENAS MÁXIMAS QUE PERMITE LA LEY

La pena máxima por quebrantar la ley por el punto acusatorio 3 de la acusación formal es un mínimo de 10 años de privación de libertad[1] y hasta cadena perpetua, un mínimo de cinco años de libertad vigilada y hasta vitalicia, una multa máxima de $100,000,000 o el doble de la ganancia o la pérdida por la comisión del delito y un recargo especial obligatorio para el Fondo de Víctimas de Delitos.

La pena máxima por quebrantar la ley por el punto acusatorio 4 de la acusación formal es un máximo de 20 años de privación de libertad, hasta $250,000 de multa o el doble de la ganancia o de la pérdida por la Comisión del delito, un máximo de tres años de libertad vigilada y un recargo especial obligatorio para el Fondo de Víctimas de Delitos.

### IV.  REPERCUSIONES ADICIONALES

Esta condena por delito podrá tener como resultado la pérdida de garantías constitucionales, incluido, pero no limitado al derecho de poseer armas de fuego, de ejercer sufragio, de ser funcionario público o de formar parte de un jurado.

Si el imputado fuera extranjero, la condena podría resultar en la deportación y expulsión de Estados Unidos o la reclusión indefinida si no existe un país al cual el imputado pueda ser deportado, que se le niegue la admisión a EEUU en el futuro y/o la obtención de la ciudadanía estadounidense.

### V.  ESTIPULACIÓN EN CUANTO A LOS HECHOS

El fundamento se establece a continuación. Se podrán incluir más abajo hechos adicionales, porque el Juez deberá, como parte de su metodología de imposición de pena, computar la escala penal recomendada por el delito de condena, tener en cuenta la

---

[1] es la postura de las partes que aplica el artículo 3553(f) del capítulo 18 del código Federal, lo cual le permite al Juez imponerle una pena al acusado por debajo de la que de lo contrario sería obligatoria por ley de un mínimo de 120 meses de privación de libertad.

6

conducta pertinente y tomar en consideración otros factores establecidos en el artículo 3553 del Capítulo 18 del Código Federal pertinentes a estos cómputos y consideraciones. Si hubiere algún desacuerdo en cuanto a los hechos al momento de la firma del convenio resolutorio, estos constarán en el mismo y quedarán debidamente identificados.

Esta estipulación en cuanto a los hechos no impide que las partes de aquí en lo adelante le presenten al Juez hechos adicionales que no contradigan hechos a los cuales las partes han acordado y que sean pertinentes a la hora de realizar el cómputo de las escalas penales por parte del Juez, a otros factores del artículo 3553 del Capítulo 18 del Código Federal o a la decisión general del Juez al momento de imponer la pena.

Las partes estipulan y acuerdan que los siguientes hechos son verdaderos y correctos:

Desde alrededor de septiembre de 2019 hasta alrededor de mayo de 2020, el imputado y cómplice Daniele Pulia coordinó recogidas de dinero al por mayor en Estados Unidos de las ganancias procedentes del narcotráfico (en quebrantamiento a los artículos 841(a)(1) y 846 del Capítulo 21 del Código Federal) con el fin de enviar dinero a México y a otros lugares para narcotraficantes a los cuales les debía dinero. El imputado tenía conocimiento de que los fondos implicados en esas transacciones eran ganancias de narcotráfico. Sabía además que el dinero estaba siendo transferido de vuelta a los dueños de las drogas con el fin de continuar sus negocios de narcotráfico. Uno de los propósitos de esas transacciones era ocultar la naturaleza, el lugar, la fuente, el propietario o el control de los fondos.

De algunas de esas recogidas, el imputado y Pulia coordinaron con un agente encubierto (El encubierto). En esas transacciones, el imputado, Pulia o ambos, el imputado y Pulia, en conjunto se comunicarían con el encubierto y le indicarían que había dinero en efectivo al por mayor listo para ser recogido en algún lugar en Estados Unidos. Éstas recogidas de dinero variaban desde alrededor de $20,000 hasta alrededor de $200,000 cada una. El imputado o Pulia ponían al encubierto en contacto con un cómplice en Estados

7

Unidos quien les entregaría la moneda al por mayor al encubierto o a otro encubierto de las fuerzas del orden. Luego, el encubierto le enviaría la cantidad de la recogida menos la cuota que cobraba dicho encubierto al imputado o a Pulia en criptomoneda usando direcciones de criptomoneda proporcionadas por parte del imputado o Pulia. En total, el imputado y Pulia acordaron las siguientes recogidas de moneda al por mayor:

| Fecha | Lugar | Monto |
|---|---|---|
| 20-04-2020 | NASHVILLE | $75,660 |
| 15-04-2020 | NASHVILLE | $100,000 |
| 09-04-2020 | DENVER | $100,020 |
| 13-03-2020 | DENVER | $79,921 |
| 26-02-2020 | DENVER | $30,000 |
| 26-02-2020 | SALT LAKE | $21,500 |
| 19-02-2020 | WINSTON-SALEM | $146,000 |
| 06-02-2020 | SEATTLE | $69,000 |
| 15-11-2019 | DENVER | $19,300 |
| 14-11-2019 | NYC | $199,980 |
| 06-10-2019 | DENVER | $70,000 |
|  | TOTAL | $911,381 |

El imputado y Pulia trabajaron en conjunto en este negocio de blanqueo de capitales para su beneficio mutuo con el fin de ganar dinero.

En noviembre de 2019, Pulia le preguntó al encubierto si él deseaba comprarle heroína y oxicodona a ella. El encubierto acordó comprarle las drogas y en diciembre de 2019 el imputado se comunicó con el encubierto para finalizar el trato. Entre el 2 de enero de 2020 y el 27 de enero de 2020, el imputado y Pulia actualizaron al encubierto en cuanto al progreso de la heroína y las pastillas. El 6 de febrero de 2020, el imputado coordinó la

entrega de las drogas para el encubierto poniendo en comunicación a dicho encubierto con un cómplice (CC-1) en Estados Unidos. Al principio, el CC-1 le entregó las pastillas al encubierto, pero le entregó también una cantidad equivocada de heroína (50 g) y tanto el imputado como Pulia trabajaron para arreglar el problema. Luego el 6 de febrero de 2020, el CC-1 se reunió nuevamente con el encubierto y esta vez le entregó 1 kg y medio de heroína.

Las pastillas que le fueron entregadas al encubierto dieron positivo para fentanilo y pesaban un total de 2.233 g. La heroína que se le entregó al principio al encubierto pesaba 49.8 g. La segunda entrega de heroína pesaba 1492 g. El imputado y Pulia trabajaron en conjunto para facilitar la transacción de drogas para su beneficio mutuo con el fin de ganar dinero y ganarse la confianza del encubierto.

## VI.     CÓMPUTO DE LAS ESCALAS PENALES RECOMENDADAS

Las partes entienden que la imposición de la pena en esta causa la rige el art. 3553 del Cap. 18 del Código Federal. Al momento de determinar la pena específica a imponer, el Juez deberá tomar en consideración siete factores. Uno de ellos es la escala penal computada por el Juez según las Pautas Federales de Sentencias emitidas por el Comité de Sentencias de EEUU. En asistencia al Juez con relación a esto, las partes establecen a continuación su estimado de la escala penal recomendada que indican las Pautas Federales de Sentencias. Hasta el punto en el que las partes no concuerden en cuanto al cómputo de la escala penal, lo que se informa a continuación identifica los temas en desacuerdo.

El cálculo de las escalas penales a continuación es un estimado de buena fe de las partes, pero es solo un estimado. Las partes entienden que la Fiscalía tiene la obligación independiente de ayudar al Juez a la hora de determinar con precisión la escala penal correcta. Hasta ese punto, la Fiscalía podrá presentar hechos identificados en el informe

precondenatorio o de otra manera identificados durante el proceso de imposición de pena que pueda tener un impacto en el estimado a continuación.

### Tercer punto acusatorio

a) el imputado es responsable de distribuir o poseer con la intención de distribuir 2,233 g de fentanilo y 1541,8 g de heroína para un total de 1547,38 kg de peso de droga convertido.

b) Conforme al art. 2D1.1(b)(18) del Manual de Pautas de Sentencias se restan dos niveles.

c) Conforme al art. 2D1.1(c)(5) del Manual de Pautas de Sentencias el nivel de delito ajustado del imputado por el tercer punto acusatorio es 28.

### Cuarto punto acusatorio

d) Conforme al artículo 2S1.1(a)(2) del Manual de Pautas de Sentencias el nivel inicial de delito por el cuarto punto acusatorio es ocho más el número de los niveles de delito de la tabla en el artículo 2B1.1 del Manual de Pautas de Sentencias que corresponden al valor del dinero lavado. El imputado es responsable por lavar aproximadamente $911,381 que corresponde a un aumento de 14 niveles conforme al artículo 2B1.1(b)(1)(H) del Manual de Pautas de Sentencias.

e) Conforme al Art. 2S1.1(b)(1) del Manual de Pautas de Sentencias, se añaden seis niveles porque el imputado tenía conocimiento de que los fondos lavados eran ganancias de la distribución de una sustancia regulada.

f) Conforme al Art. 2S1.1(b)(2)(C) del Manual de Pautas de Sentencias, se añaden cuatro niveles porque el imputado se dedicaba al negocio de lavado de fondos.

g) Conforme al Art. 2S1.1(b)(3) del Manual de Pautas de Sentencias, se añaden dos niveles porque el blanqueo de capitales era sofisticado. El acusado no esta de acuerdo con este aumento.

h) El nivel de delito ajustado por el cuarto punto acusatorio es 34.

Nivel de Delito Total

i) Conforme al Art. 3D1.2 del Manual de Pautas de Sentencias, no se agrupan los puntos acusatorios porque las drogas traficadas mencionadas en el tercer cargo y los fondos lavados mencionados en el cuarto cargo no suponen la misma víctima o el mismo hecho o transacción.

j) Conforme al artículo 3D1.4 del Manual de Pautas de Sentencias, se le asigna un nivel al cuarto cargo y medio nivel al tercer cargo. En consecuencia, el nivel de delito aumenta en un nivel para un nivel de delito de 35.

k) Conforme a los artículos 3E1.1(a) y (b) del Manual de Pautas de Sentencias, se restan tres niveles por aceptar la responsabilidad penal.

l) El nivel de delito total resultante es 32.

m) Las partes entienden que el cómputo de la categoría de antecedentes penales del imputado es tentativo y se basa en las condenas anteriores del mismo. Las partes son del criterio que la categoría de antecedentes penales del imputado es I.

n) No aplican ajustes por ser delincuente habitual, por llevar un estilo de vida criminal o por ser un delincuente habitual armado.

o) La escala penal recomendada que resulta de estos cálculos es de 121 a 151 meses de privación de libertad. Sin embargo, con el fin de ser lo más preciso posibles, como la categoría de antecedentes penales no está determinada en este momento, los niveles de delito estimados con anterioridad perfectamente podrían resultar en un rango de 121 meses (punto mínimo con la categoría I) a 262 meses (punto máximo con categoría VI). La escala penal no excedería en caso alguno de los máximos estatutarios acumulados aplicables para los delitos de condena.

p) Conforme al artículo 5E1.2 y al artículo 841(b)(1)(A) del capítulo 21 del código Federal, suponiendo que el nivel de delito estimado con anterioridad sea correcto el rango de multas por este delito estaría entre $35,000 y $10,000,000 más intereses y sanciones aplicables.

q) Conforme al artículo 5D1.2 y 21 U.S.C. 841(a)(1)(A), si el juez impusiera un periodo de libertad vigilada dicho período debería ser de un mínimo de cinco años.

Las partes entienden que, después que el Juez considere y aplique correctamente todos los factores del artículo 3553 del Capítulo 18 del Código Federal, dicho Juez tiene la potestad de imponer una pena razonable que considere adecuada en el ejercicio de su autoridad y que dicha pena podrá ser más corta que la que recomiendan las pautas recomendadas (en duración o forma), dentro de la escala penal recomendada o por encima de la misma, que llegue o exceda el periodo de reclusión máximo que permita la ley, independientemente de todo cómputo o postura de alguna de las partes en cuanto a alguno de los factores del artículo 3553 del Capítulo 18 del Código Federal.

## VII. CONVENIO COMPLETO

el convenio que se le divulga al juez en el convenio en su totalidad. No existen otras promesas, acuerdos, (o "acuerdos paralelos"), términos, medidas, entendimientos ni garantías expresas o supuestas. Al firmar este convenio, ni la Fiscalía Federal ni la Defensa se han basado ni se basan en algún término, promesa, medida o garantía que no esté expresamente incluida en este convenio.

Fecha: _____

Carlos Pong Echavarria
Imputado

Fecha: 10/3/22

Timothy P. O'Hara
Defensor Público Federal del Imputado

Fecha: _____

Andrea Surratt
Subfiscal Federal

*Translated by Monica Licea-Castro, Federally Certified Court Interpreter, staff interpreter for the FPD of Colorado and Wyoming, on May 10, 2022.*